In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00352-CR
_____

MICHAEL JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. 25190**

## MEMORANDUM OPINION

A jury found Michael Jackson guilty of aggravated assault on a public servant, a first-degree felony. *See* Tex. Penal Code Ann. §§ 22.02(a), (b)(2)(B); 22.01. The trial court assessed Jackson's punishment with a finding of one enhancement at ninety-nine years of imprisonment. *See id.* § 12.32.

Jackson's appellate counsel filed an Anders brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See*

1

*Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On July 23, 2024, we granted an extension of time for Jackson to file a pro se brief. Jackson did not file a pro se brief in response.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief, an appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted).

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (Tex. 1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and we have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 826–27. Therefore, we find it unnecessary to order appointment of new counsel to re-brief

2

the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on March 3, 2025
Opinion Delivered March 5, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1]Jackson may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.